UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERISURE MUTUAL INSURANCE
COMPANY (f/k/a Michigan Mutual
Insurance Company),

                Case No. 14-cv-13060
                Hon. Matthew F. Leitman

        Movant,

v.

EVEREST REINSURANCE COMPANY
(f/k/a Prudential Reinsurance Company),

        Respondent.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOVANT'S MOTION FOR LEAVE TO FILE MOTION TO CONFIRM FINAL ARBITRATION AWARD UNDER SEAL (ECF #19)

This action arises out of an arbitration between Movant Amerisure Mutual Insurance Company ("Amerisure") and Respondent Everest Reinsurance Company ("Everest"). Amerisure has asked the Court to confirm the arbitration panel's Decision and Final Award (the "Final Award"). (*See* ECF #2.) Everest opposes confirmation and instead requests that the Court vacate the Final Award. (*See* ECF #23.) Now pending before the Court is a motion by Amerisure to file under seal the brief supporting its motion to confirm the Final Award. (*See* the "Motion to Seal," ECF #19.)

1

According to Amerisure, the parties' arbitration "was conducted pursuant to a Confidentiality Agreement between Amerisure and Everest." (*Id.* at ¶1.) Among other things, this confidentiality agreement states that the "final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings will be kept confidential." (*Id.* at ¶3; *see also* ECF #3-1 at ¶1.) The confidentiality agreement further provides that "all submissions of Arbitration Information to a court shall be sealed." (*Id.*) Amerisure insists that this agreement requires it to petition the Court for permission to "file under seal the Panel's Decision and Final Award and the portions of Amerisure's Motion to Confirm discussing the content of the Panel's Decision and Final Award." (Motion to Seal at ¶4.) Amerisure therefore asks the Court to "seal all final decisions, awards, and deliberations as called for by the Confidentiality agreement [sic], or none of them." (*Id.* at ¶8.)

Everest opposes Amerisure's Motion to Seal in part. It contends that a complete sealing of the Final Award (and any references to the arbitration panel's decision making process) is inconsistent with controlling Sixth Circuit precedent. (*See* Everest's Response Brief, ECF #22 at 7-8, Pg. ID 166-67.) Everest acknowledges, however, that "the final award does contain certain information that is properly subject to sealing under the standards applied in this Circuit." (*Id.* at 1, Pg. ID 160.) More specifically, Everest contends that the Court should seal

2

portions of the Final Award that (1) identify and contain testimony from non-parties to the arbitration and (2) "reflect substantive rulings of the panel majority." (*Id.* at 1-2, Pg. ID 160-61.)

The legal standards governing Amerisure's motion to seal are well-established. It is long-settled, for instance, that the Court "has supervisory power over its own records and files," *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978), and that this authority includes allowing parties to file certain documents under seal. *See* Fed. Rule Civ. Proc. 26(c). The Court, however, must balance this power with the "long-established legal tradition" of public access to court documents. *Brown & Williamson Tobacco Corporation v. Federal Trade Commission*, 710 F.2d 1165, 1177 (6th Cir. 1983). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

Sealing the portions of the Final Award that identify non-parties to the arbitration is consistent with these governing principles. Indeed, in *Brown & Williamson, supra*, the Sixth Circuit recognized that protecting the "privacy rights" of third parties may justify filing certain information under seal, 710 F.2d at 1179, and Amerisure agrees that the third parties in question have legitimate privacy interests worthy of protection through a seal order protecting their identity. (*See* Amerisure Reply Br., ECF #24 at 7, Pg. ID 209.)

Sealing portions of the Final Award containing the panel majority's "discrete substantive rulings," however, cannot be reconciled with the governing legal principles. Everest argues that "[i]f the substantive rulings were disclosed, Everest would likely face additional reinsureds, similar to Amerisure, attempting to cite the blanket pronouncements in the final award to support their claims, despite the confidential nature of this arbitration." (*Id.* at 16, Pg. ID 175.) Thus, Everest says, "substantive rulings of the panel majority must be sealed because there is a real threat that public disclosure could harm Everest's financial interests." (*Id.* at 2, Pg. ID 161.) The only authority Everest cites for this position is this Court's decision in *Vitel Diagnostics, Inc. v. Bossardet*, 11-cv-14575, 2012 U.S. Dist. LEXIS 147234 (E.D. Mich. Oct. 12, 2012.) But *Vitel Diagnostics* actually undermines Everest's argument.

In *Vitel Diagnostics*, the Court ordered certain financial statements to be filed under seal because it determined that public disclosure of this information "create[d] a substantial risk of financial harm…" *Id.* at *6. The documents at issue "set[] forth detailed financial information for the complete operation of plaintiff's business." *Id.* Thus, the Court found that because "plaintiff [was] a closely-held business operating in a highly competitive and specialized market," the information, if publically disclosed, "would have [led] to significant financial harm." *Id.*

4

In stark contrast here, Everest is not seeking to seal the substantive portions of the Final Award in order to protect its own confidential business data or trade secrets as in *Vitel Diagnostics*.  Instead, it simply seeks to prevent unhelpful portions of the Final Award from becoming public in an effort to avoid future litigation (and to avoid citation of the Final Award in future litigation).  (*See* Everest's Reply Br. at 2, Pg. ID 161.)  This is precisely the kind of harm the Court in *Vitel Diagnostics* found *insufficient* to justify the entry of a protective order.  *See Vitel Diagnostics*, 2012 U.S. Dist. LEXIS 147234 at *4-*5 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or *exposure to further litigation* will not, without more, compel the court to seal its records") (emphasis added) (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).  Moreover, the Sixth Circuit has stressed that a corporation's interest in shielding "prejudicial information" from public view, standing alone, cannot justify the sealing of that information. *Brown & Williamson*, 710 F.2d at 1180.

Accordingly, having reviewed the parties' written submissions, having found that the Motion to Seal can be resolved without oral argument pursuant to Local Rule 7.1(f)(2), and having determined that neither Amerisure nor Everest has provided any cognizable basis to file the Final Award under seal in its entirety, **IT IS HEREBY ORDERED THAT** Amerisure's Motion to Seal (ECF #19) is

**GRANTED IN PART AND DENIED IN PART**.  The Court will transmit to the

parties and file under seal as <u>Exhibit A</u> to this Order, a highlighted version of the

Final Award.  The highlights represent those portions of the Final Award that the

parties are authorized to file under seal.  In all subsequent filings, the parties shall

file under seal those (1) portions of the Final Award the Court has highlighted and

redacted, and (2) portions of any papers identifying the third parties included in the

Court's redactions.  The parties shall not file under seal any other submission

without further order of this Court.


                                        s/Matthew F. Leitman
                                        MATTHEW F. LEITMAN
                                        UNITED STATES DISTRICT JUDGE

Dated:  October 29, 2014


I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on October 29, 2014, by electronic means and/or ordinary
mail.

                                        s/Holly A. Monda
                                        Case Manager
                                        (313) 234-5113